Tionna Dolin (SBN 299010)
Email: tdolin@slpattorney.com
(emailservice@slpattorney.com)
Elizabeth A. LaRocque (SBN 219977)
Email:  elarocque@slpattorney.com
**STRATEGIC LEGAL PRACTICES, APC**
1888 Century Park East, Floor 19
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile:  (310) 943-3838

Attorneys For Plaintiff
LAWRENCE PAYNE

AMIR NASSIHI (SBN 235936)
anassihi@shb.com
JASON M. RICHARDSON (SBN 250916)
jmrichardson@shb.com
**SHOOK, HARDY & BACON L.L.P.**
555 Mission Street, Suite 2300
San Francisco, CA 94105
TEL: (415) 544-1900 | FAX: (415) 391-0281

Attorneys for Defendant
NISSAN NORTH AMERICA, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE PAYNE, | Case No. 2:23-cv-00772-KJM-DB |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER – DISCOVERY ONLY** |
| vs. | |
| NISSAN NORTH AMERICA, INC., and DOES 1 through 10, inclusive, | |
| Defendants. | |

1.    <u>PURPOSES AND LIMITATIONS</u>

      Disclosure and discovery activity in this action are likely to involve

production of confidential, proprietary, or private information for which special

1  protection from public disclosure and from use for any purpose other than
2  prosecuting this litigation may be warranted. Accordingly, the parties hereby
3  stipulate to and petition the court to enter the following Stipulated Protective
4  Order. The parties acknowledge that this Order does not confer blanket
5  protections on all disclosures or responses to discovery and that the protection it
6  affords from public disclosure and use extends only to the limited information or
7  items that are entitled to confidential treatment under the applicable legal
8  principles. The parties further acknowledge, as set forth in Section 12.3, below,
9  that this Stipulated Protective Order does not entitle them to file confidential
10  information under seal; Civil Local Rule 141 sets forth the procedures that must
11  be followed and the standards that will be applied when a party seeks permission
12  from the court to file material under seal.

13  2.    DEFINITIONS

14      2.1    Challenging Party:  a Party or Non-Party that challenges the
15  designation of information or items under this Order.

16      2.2    "CONFIDENTIAL" Information or Items: information (regardless of
17  how it is generated, stored or maintained) or tangible things that qualify for
18  protection under Federal Rule of Civil Procedure 26(c), including materials that
19  contain trade secret or other confidential research, technical, cost, price,
20  marketing, or other commercial information, which are, for competitive reasons,
21  normally, kept confidential by the parties, as contemplated by Federal Rules of
22  Civil Procedure 26(c)(1)(G).

23      2.3    Counsel (without qualifier): Outside Counsel of Record and House
24  Counsel (as well as their support staff).

25      2.4    Designating Party: a Party or Non-Party that designates information
26  or items that it produces in disclosures or in responses to discovery as
27  "CONFIDENTIAL."

28

STIPULATED PROTECTIVE ORDER

2.5   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7   House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9   Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

STIPULATED PROTECTIVE ORDER

2.14  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   <u>DESIGNATING PROTECTED MATERIAL</u>

STIPULATED PROTECTIVE ORDER

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly

STIPULATED PROTECTIVE ORDER

1    identify the protected portion(s) (e.g., by making appropriate markings in the

2    margins).

3          A Party or Non-Party that makes original documents or materials available

4    for inspection need not designate them for protection until after the inspecting

5    Party has indicated which material it would like copied and produced. During the

6    inspection and before the designation, all of the material made available for

7    inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has

8    identified the documents it wants copied and produced, the Producing Party must

9    determine which documents, or portions thereof, qualify for protection under this

10   Order. Then, before producing the specified documents, the Producing Party

11   must affix the "CONFIDENTIAL" legend to each page that contains Protected

12   Material. If only a portion or portions of the material on a page qualifies for

13   protection, the Producing Party also must clearly identify the protected portion(s)

14   (e.g., by making appropriate markings in the margins).

15          (b) for testimony given in deposition or in other pretrial or trial

16   proceedings, that the Designating Party identify on the record, before the close of

17   the deposition, hearing, or other proceeding, all protected testimony.

18          (c) for information produced in some form other than documentary

19   and for any other tangible items, that the Producing Party affix in a prominent

20   place on the exterior of the container or containers in which the information or

21   item is stored the legend "CONFIDENTIAL." If only a portion or portions of the

22   information or item warrant protection, the Producing Party, to the extent

23   practicable, shall identify the protected portion(s).

24          5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent

25   failure to designate qualified information or items does not, standing alone,

26   waive the Designating Party's right to secure protection under this Order for such

27   material. Upon timely correction of a designation, the Receiving Party must

28

STIPULATED PROTECTIVE ORDER

make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.  <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

    6.1  <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2  <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

STIPULATED PROTECTIVE ORDER

6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.

STIPULATED PROTECTIVE ORDER

Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

STIPULATED PROTECTIVE ORDER

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and

-10-
STIPULATED PROTECTIVE ORDER

nothing in these provisions should be construed as authorizing or encouraging a

Receiving Party in this action to disobey a lawful directive from another court.

9.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE</u>
      <u>PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by

a Non-Party in this action and designated as "CONFIDENTIAL." Such

information produced by Non-Parties in connection with this litigation is

protected by the remedies and relief provided by this Order. Nothing in these

provisions should be construed as prohibiting a Non-Party from seeking

additional protections.

(b) In the event that a Party is required, by a valid discovery request,

to produce a Non-Party's confidential information in its possession, and the Party

is subject to an agreement with the Non-Party not to produce the Non-Party's

confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-

Party that some or all of the information requested is subject to a confidentiality

agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated

Protective Order in this litigation, the relevant discovery request(s), and a

reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the

Non-Party.

(c) If the Non-Party fails to object or seek a protective order from

this court within 14 days of receiving the notice and accompanying information,

the Receiving Party may produce the Non-Party's confidential information

responsive to the discovery request. If the Non-Party timely seeks a protective

order, the Receiving Party shall not produce any information in its possession or

control that is subject to the confidentiality agreement with the Non-Party before

STIPULATED PROTECTIVE ORDER

1  a determination by the court. Absent a court order to the contrary, the Non-Party

2  shall bear the burden and expense of seeking protection in this court of its

3  Protected Material.

4  10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

5          If a Receiving Party learns that, by inadvertence or otherwise, it has

6  disclosed Protected Material to any person or in any circumstance not authorized

7  under this Stipulated Protective Order, the Receiving Party must immediately (a)

8  notify in writing the Designating Party of the unauthorized disclosures, (b) use

9  its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

10 inform the person or persons to whom unauthorized disclosures were made of all

11 the terms of this Order, and (d) request such person or persons to execute the

12 "Acknowledgment and Agreement to Be Bound" that is attached hereto as

13 Exhibit A.

14 11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

15       PROTECTED MATERIAL

16         When a Producing Party gives notice to Receiving Parties that certain

17 inadvertently produced material is subject to a claim of privilege or other

18 protection, the obligations of the Receiving Parties are those set forth in Federal

19 Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify

20 whatever procedure may be established in an e-discovery order that provides for

21 production without prior privilege review. Pursuant to Federal Rule of Evidence

22 502(d) and (e), insofar as the parties reach an agreement on the effect of

23 disclosure of a communication or information covered by the attorney-client

24 privilege or work product protection, the parties may incorporate their agreement

25 in the stipulated protective order submitted to the court.

26 12.  MISCELLANEOUS

27         12.1  Right to Further Relief. Nothing in this Order abridges the right of

28 any person to seek its modification by the court in the future.

STIPULATED PROTECTIVE ORDER

12.2  Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3  Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. A sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.  <u>FINAL DISPOSITION</u>

Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such

-13-

STIPULATED PROTECTIVE ORDER

retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: September 6, 2023          STRATEGIC LEGAL PRACTICES, A

By      */s/ Elizabeth A. LaRocque*
Elizabeth A. LaRocque
Attorneys for Plaintiff
LAWRENCE PAYNE

Dated: September 6, 2023          **SHOOK HARDY & BACON LLP**

By:     */s/ Jason M. Richardson*
Jason M. Richardson
Attorneys for Defendant
NISSAN NORTH AMERICA, INC.

## ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1.  Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2.  The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal.  Parties are advised that any request to

-14-
STIPULATED PROTECTIVE ORDER

seal documents in this district is governed by Local Rule 141.  In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made.  L.R. 141(a).  However, a mere request to seal is not enough under the local rules.  In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information."  L.R. 141(b).

3.   A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause."  <u>Ctr. for Auto Safety v. Chrysler Grp.</u>, LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); <u>Kamakana v. City and County of Honolulu,</u> 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4.  Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5.  With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251.  Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6.  The parties may not modify the terms of this Protective Order without the court's approval.  If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7.  Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.
////

STIPULATED PROTECTIVE ORDER

1    8.  Any provision in the parties' stipulation that is in conflict with anything

2    in this order is hereby DISAPPROVED.

3    DATED: September 8, 2023          /s/ DEBORAH BARNES

                                       UNITED STATES MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Eastern District of

California on [     ] in the case of LAWRENCE PAYNE v. NISSAN NORTH

AMERICA, INC., Case No. 2:23-cv-00772. I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose

in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of

this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Eastern District of California for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action.

I hereby appoint _____ [print or type full name]

of _____ [print or type full address

and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER